**CARTER, Exrx., etc., Appellee, v. HOLMES et, Appellants.**

Ohio Appeals, First District, Butler County.

No. 907.  Decided December 13, 1945.

George C. Cummins, Hamilton, for appellee.
Kautz, Holbrock & Bosch, Hamilton, for appellants.

## OPINION

By THE COURT.

Plaintiff in her capacity as Executrix recovered a judgment in foreclosure of a mortgage on real estate, in which title was held by defendants as sole heirs at law of the deceased mortgagor.

The petition in the first cause of action set forth the note with certain credits thereon, and in the second cause of action set forth the requisite allegations concerning the mortgage given to secure payment of the debt. The prayer was solely for foreclosure and application of the proceeds of sale to the payments of the liens as marshalled and found due.

No prayer for personal judgment is contained in the petition. The answer was a general denial and plea of payment.

Counsel for plaintiff included in his opening statement the following:

"I say to the Court that the plaintiff asks for judgment on foreclosure. We are not asking for a personal judgment on the note set forth in the petition, and we admit that we are not entitled to personal judgment against the defendants on the note."

Defendants' principal contentions are that they are entitled to judgment on the opening statement of counsel, that plaintiff is without capacity to sue, because not the real party in interest and that judgment should not have been rendered against them, because plaintiff failed to produce the note described in the petition and in the mortgage.

Reflecting on the capacity to sue, the Ohio statutes provide:

"**Sec. 10509-68 GC.** When a mortgagee of real estate, or an assignee of such mortgagee, dies without foreclosing the mortgage, the mortgaged premises and the debts secured

thereby, shall be considered as personal assets in the hands of his executor or administrator, and be administered and accounted for as such."

"Sec. 10509-71 GC. A mortgage belonging to the estate may be foreclosed by the executor or administrator."

"Sec. 11244 GC. An executor, administrator, or guardian, a trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law."

From the foregoing, the capacity to sue is evident.

It is argued that because in the opening statement plaintiff disclaimed a right to personal judgment on the note, no right of foreclosure exists. That argument overlooks the nature and extent of the remedies the mortgagee might have.

Sec. 11306 GC, provides

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

"9. Claims to foreclose a mortgage given to secure the payment of money or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien; ***"

Since Spence v Ins. Co., 40 Oh St 517, it has been held that the section is permissive, and does not require the two remedies to be demanded in the same action. Here, they could not be. Defendants never contracted the debt nor signed the note, hence, not to be held personally liable, but they did succeed to the title to the premises subject to the mortgage, which is, of course, subject to being foreclosed. See: 27 O Jur., 383, et seq., p. 592; also §§458 and 472, pp 644, 654.

With reference to the failure to produce the note, an examination of the record and exhibits discloses substantial evidence—the listing of the mortgage debt in the estate of mortgagor, for example—to justify the finding of the trial court as to the existence and amount of the debt, and this Court, therefore, will not disturb that finding. While payment is pleaded, no substantial evidence is produced to discharge the burden of proof thereof resting on defendant.

The judgment is therefore affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur.